UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOISES DE JESUS GARCIA MOLINA, Petitioner, v. WARDEN, Respondent. | No. 1:26-cv-08129-DAD-CKD<br><br><u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER AND APPOINTMENT OF COUNSEL AS MOOT</u><br><br>(Doc. Nos. 1, 3, 7) |

On October 2, 2026, proceeding *pro se*, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order seeking his immediate release from custody and a motion for appointment of counsel. (Doc. Nos. 3, 7.) On October 7, 2026, the court set a briefing schedule on the pending motion and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 8.) Respondent was further directed to state any opposition that it had to the court's stated intention to rule on the underlying petition based on the current briefing before it

/////

as well as to provide substantive reasons in support of its position in this regard in its opposition. (*Id.*)

On October 9, 2026, respondent filed an opposition. (Doc. No. 9.) In that opposition, respondent concedes that 8 U.S.C. § 1226(a) governs petitioner's detention but argues that petitioner is only entitled to a post-detention bond hearing. (*Id.* at 1–2.) Respondent further seemingly argues that petitioner should be required to first exhaust his administrative remedies. (*Id.* at 2.) Respondent has not indicated that it opposes the court ruling on the merits of the underlying petition based on the briefing presently before it, and the court will do so.

Based on the parties' briefing, the court finds the following facts. Petitioner, a native and citizen of Honduras, entered the United States without inspection or admission at an unknown time in 2023 and has continuously resided in this country since the time of his entry. (Doc. Nos. 1 at 6; 9-1 at 2–3.) On or around August 15, 2026, Greene County Sherriff deputies in Virginia responded to a residence for a reported disorderly call. (Doc. No. 9-1 at 2.) The deputies encountered petitioner at the residence and determined that he was present in the United States unlawfully. (*Id.*) On or about August 16, 2026, petitioner was transported into ICE custody where he currently remains. (*See id.* at 2–3.)

First, as to respondent's exhaustion argument, the court incorporates the reasoning set forth in *Ramirez v. Warden of Golden State Annex Det. Facility*, No. 1:26-cv-02544-DAD-AC (HC), 2026 WL 1078250, at *2–3 (E.D. Cal. Apr. 21, 2026) and waives prudential exhaustion in light of petitioner's challenge to his detention pursuant to the Due Process Clause.

Next, the court incorporates the reasoning set forth in *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05661-DAD-SCR (HC), 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026), in which the court determined that when the government fails to arrest a petitioner following or contemporaneously with the issuance of a warrant or provide a petitioner with an initial custody determination either prior to or contemporaneously with detention, as required by § 1226(a), immediate release is the appropriate remedy. Here, there is no evidence before the court that petitioner was provided an initial custody determination or that he was

/////

arrested pursuant to a warrant. Therefore, petitioner is entitled to habeas relief and the court will order his immediate release.

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondent is ORDERED to immediately release petitioner Moises de Jesus Garcia Molina, A-File No. 222-589-517, from respondent's custody;
    b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and a hearing before an immigration judge at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;
2. Petitioner's motion for temporary restraining order (Doc. No. 7) is DENIED as having been rendered moot by this order granting him habeas relief;
3. Petitioner's motion for appointment of counsel (Doc. No. 3) is DENIED as having been rendered moot by this order granting him habeas relief;
4. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and
5. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 14, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE